will be taken under advisement in seven days. Rodriguez-Contreras v. Sessions is next. Good morning. May it please the Court, Sajel Zota, fourth petitioner from the National Immigration Project. This case involves a straightforward legal issue that this Court has not previously addressed in its prior cases. Recent Supreme Court precedent has provided critical guidance on how the categorical and modified categorical approaches apply. This Court is bound to follow that law, and under that law, the petitioner wins. Now the government has conceded a number of issues here, including that under the correct application of the law, the state statute here is broader than the federal definition. On page 15 of this brief, it concedes, quote, the Illinois statute of conviction is broader than the federal offense because it criminalizes some conduct, namely possession by a felon of a device which expels a projectile by expansion of gas or escape of gas that the federal offense does not. Counsel, let me tell you what my trouble is with that, which is that all, every firearm works by the expansion of gas, right? When in a standard handgun, the cartridge is set off, some substance is rapidly oxidized, and then a high-pressure gas expels the projectile out of the barrel. Why does the source of the high-pressure gas matter? Well, Your Honor, that's a policy choice that Congress made, and this Court in construing... No, you're just telling me your conclusion. I'm asking what does this, right? I assume you're relying on the word explosive or explosion. Well, when a volcano explodes, there's no way to describe that as an explosion. So that's the question I want you to focus on. Why? The federal statute uses the word explosion. Why isn't all rapidly expanding gas a form of explosion? That's the question. Yes, Your Honor. Well, courts have distinguished between those, between expelling a projectile... I'm not asking what courts have done. I'm asking, if you think about a volcano, all that happens, propels lava 35,000 feet into the air, is gas coming out of solution in the magma. There's no oxidation going on. There's no gunpowder. There's no TNT. It's just gas, and the word used to describe that is explosion. That's why I'm trying to get you to focus on why the word explosion doesn't include all rapidly expanding gas. Well, I believe the way in which Congress has used explosive refers to gunpowder involving fire. But why do you believe that? That's the linchpin of your argument. Maybe that's right, but just asserting the linchpin again doesn't tell us why that's the right thing. Is it that there is some background to this statute? There's this alcohol, tobacco, and firearms ruling which seems to say that pneumatic rifles are outside the scope of the federal law. Yes, that's right. But I'm not sure that that's a good ground of statutory construction. There is also a law, 15 U.S.C. 5001, which specifically exempts look-alikes for weapons that expel a projectile through air pressure. That statute specifically says that these are not federal firearms or look-alikes. That's something that might carry the day for statutory interpretation. You've got these two statutes side-by-side, and one of them assumes that high-pressure gas is not explosion. That might carry the day for you. That's the kind of thing I was looking for. Have you got any more? Also, the Rule 2005-4 that the Court has already referred to. Administrative rulings well after a statute's enactment don't really tell us what the statute thinks it means, and the agency may be right or it may be wrong, but we're not in the world of Chevron here. Criminal statutes aren't—there's no Chevron deference in construing criminal statutes. Yes. So, Your Honor, in here where the statute defines a single offense, which again the government does not contest, Supreme Court decisions instruct that courts do not apply the modified approach and do not look to the type of firearm. Rather, the court examines whether the minimum conduct here at gas-powered weapons comes within the charged federal ground. Now, the government does not contest this, but tries to get around it by arguing that there's not a realistic probability that Illinois actually prosecutes gas-powered weapons. That's really one of the key disputes here, and Petitioner has satisfied a realistic probability of prosecution in two different ways in this case. First, we've pointed to the plain language of the Illinois statute, which by its express terms punishes gas-powered weapons. Conduct that the government has conceded is broader than the federal ground, and four circuits have upheld this. Second, we've pointed to actual prosecutions for gas-powered weapons, and we most recently in our 28J submitted a case in which a defendant was prosecuted for this exact statute at question here—felon in possession of a firearm for possessing an air rifle. The government says that these things are not enough, and its arguments fail for two reasons. First, we've pointed to the plain language. Four circuits have said this is sufficient. The government says that the Supreme Court has said you need to point to a case every single time. The government misconstrues the law. The Supreme Court has said that where it's unclear that the state statute is broader, that in that case you need to point to an actual case. It can't be a product of legal imagination, but nothing like that is happening here. This is not guesswork. Gas-powered weapons is in the statute itself. That is the clear intent of the Illinois legislature, and for that reason satisfies a realistic probability. In addition, we've pointed to actual prosecutions for this event. For those reasons, this conviction is not an aggravated felony. We would ask the court to grant petition for review. Thank you, Ms. Sota. Mr. Stalzer. Good morning, Your Honors. Counsel, may it please the Court, my name is Rob Stalzer. I'm here on behalf of the AG. Your Honors, the reason the Illinois statute does not present a reasonable probability of convicting conduct different than the federal statute is because it's not the ordinary usage of the term firearm. You know, I have the same question for you that I asked Ms. Sota, which is why is an air rifle not within the ordinary usage of the word firearm? I don't want to spend too much time dealing with fiction, but the person Sherlock Holmes referred to as the second most dangerous man in London, Sebastian Moran, was a murderer who killed by using air rifles. They can be extraordinarily deadly things, and they're quieter than other kinds of rifles. They essentially have built-in silencers. They can be deadly, Your Honor, but that's not the ordinary meaning. So why don't we think of them as firearms? Well, because ordinarily we think of firearms as weapons firing a projectile with gunpowder. That's just the common lexicon. In fact, the Illinois Court of Appeals has specifically said that actually in a case cited in our brief. They said, look, the firearm is a term that is within the popular lexicon, which in ordinary usage does not mean pellet gun. It means not a pneumatic gun, but a weapon from which a shot is discharged by gunpowder. That's the ordinary case, and that's what the reasonable probability inquiry. My suspicion for what it's worth is that no modern cartridges actually contain gunpowder. They have other kinds of explosives. So on that definition, there are no firearms anymore. Well, that was 2011. Again, we're talking about what the ordinary prosecution of the state is for its own statute, which in the ordinary case refers to regular guns as we think of them. That is, firearms using an explosive. With respect to petitioner's argument that the statute itself satisfies the obligation to point to a state inconsistency with the federal statute, we would say the court must reject that argument because it would read Duenas-Alvarez out of existence. If the states only had to point to the language of the statute, then Duenas-Alvarez would have won. But he didn't, because after you look to see whether the state statute is overbroad, then the Supreme Court says there's two further modes of analysis. One is the modified categorical approach, most recently clarified in Mathis, which isn't at play here. The other is the reasonable probability approach of Duenas-Alvarez, which is at play here and is the reason the court should affirm and agree with the prior decisions of this court that the Illinois felon in possession law is a categorical match for the federal 922 conviction. Additionally, just to respond to one more point the petitioner has made in briefing, and that is on burden of proof. This isn't a case about burden of proof. This is a question of law, whether the Illinois statute is categorically a match. Not a perfect match. It doesn't have to be perfect. Just a categorical, ordinary usage match for the federal law. DHS, in this case, has satisfied its burden. They've demonstrated the existence of the conviction. This isn't a world where, after demonstrating the conviction, we then say, well, have they met their legal burden to show that there's a categorical match? No. That answer is always going to be a yes or a no, regardless of whether we're on the removal side, in which DHS bears the burden, or whether we're on the relief side, in which the applicant bears the burden. And so I would urge the court not to rule on those grounds. If there are no questions from the panel, we will rest on our brief. Thank you, sirs. Okay. Thank you very much, Mr. Stolzer. Anything further, Ms. Zoda? Your Honor, I'd like to make two very quick points. First, I would say that the case that the government points to, Horton, one, was not published authority, and two, it didn't purport to interpret the Illinois statutory firearm definition at issue here. However, the cases that we point to, Green and Thompson, both interpret that statutory definition and, for that reason, are more on point. Secondly, Your Honor, going back to the issue of the intent of Congress, I don't know if this answers your question. I must say I don't give two hoots about the intent of Congress. I care about the meaning of what they enacted, not what was in anybody's heads. Yes, Your Honor. And so going to that question, I don't know if this is helpful, but I just lastly would note that while an explosion may be caused by expanding gas, the federal statute actually uses the term explosives. To be precise, the way I put the question to you was that in common parlance, certainly talking about volcanoes, expanding gas is the explosion. Yes, okay. And that's how projectiles get pushed out of the barrel of ordinary guns, expanding gases. Yes, and the term that Congress uses is explosives. You know, which are generally materials designed to explode. But anyway, Your Honor, if there are no further questions, I will rest. Thank you. Thank you very much. The case is taken under advisement.